IN THE CIRCUIT COURT OF ST. LOUIS COUNTY
STATE OF MISSOURI

| | |
|---|---|
| GERALD AND PAMELA BRINK ) | |
| ) | |
| Plaintiffs, ) | |
| ) | Case No. |
| v. ) | |
| ) | **JURY TRIAL DEMANDED** |
| GOODMAN MANUFACTURING ) | |
| COMPANY, L.P. ) | |
| Serve: ) | |
|    Registered Agent ) | |
|    CT Corp. System ) | |
|    120 South Central Avenue ) | |
|    Clayton, MO 63105 ) | |
| ) | |
| Defendant. ) | |

## PETITION

COMES NOW Plaintiffs Gerald and Pamela Brink, by and through their attorneys, Evans & Dixon, LLC and for their Petition against Defendant Goodman Manufacturing Company, L.P., states the following:

### GENERAL ALLEGATIONS

1.  At all times relevant herein, Pamela and Gerald Brink ("Plaintiffs") were owners of the real and personal property located at 11069 Chateau Chura Drive, St. Louis, Missouri ("Subject Property") and citizens of the State of Missouri, St. Louis County.

2.  At all times relevant herein, Defendant Goodman Manufacturing Company, L..P. ("Defendant Goodman") was and is a Texas Limited Partnership with its principal place of business located in the State of Texas and who regularly sold consumer HVAC equipment in the State of Missouri.

1

3.Defendant Goodman is in the business of, among other things, designing, supplying, manufacturing and distributing HVAC equipment including but not limited to furnaces under the Amana brand.

4.At all times relevant herein, including on February 11, 2020, Plaintiffs owned an Armana furnace at the Subject Property that was designed, manufactured and distributed by Defendant Goodman with a model number of AMH951155DXAC and a serial number of 0709090073 (hereinafter "Subject Furnace").

5.On or about February 11, 2020, the blower motor to the Subject Furnace failed, resulting in the ignition of the furnace condensate pan and causing widespread damage to the Subject Property and the contents therein.

6.As a result of the fire and smoke damage, Plaintiffs were damaged in an amount in excess of $300,000.

7.Jurisdiction and venue are proper in this Court given the acts and omissions of the Defendants were committed in St. Louis County, Missouri and the injury occurred in St. Louis County, Missouri.

**COUNT I – STRICT LIABILITY VS. DEFENDANT GOODMAN**

8.Plaintiffs incorporate herein by reference the allegations in paragraphs 1 through 7 as if fully set forth herein.

9.The Subject Furnace which caused the fire at the Subject Property was designed, manufactured, assembled, sold and otherwise distributed by Defendant Goodman in the regular course of Defendant's business and was expected to and did reach Plaintiffs without substantial change in the condition in which it was designed, manufactured, assembled and sold.

10.     The Subject Furnace was then in a defective condition and unreasonably dangerous as it contained a defective blower motor that when it failed the heating element would ignite the condensate pan and cause a fire which rendered it unreasonably dangerous when put to a reasonably anticipated use, in that the furnace was designed, manufactured, assembled, sold and otherwise distributed by Defendant Goodman in the defective condition described herein.

11.     The Subject Furnace was used in a manner reasonably anticipated.

12.     Plaintiffs sustained damages, as a direct and proximate result of such defective and unreasonably dangerous conditions of the Subject Furnace as it existed when it was designed, manufactured, assembled, sold, distributed, and left Defendant Goodman's control, causing damages to the Plaintiffs in excess of $300,000.

WHEREFORE, Plaintiffs pray for damages against Defendant Goodman in an amount in excess of $300,000 together with costs, interest, attorney's fees and for such other and further relief as the Court may deem just and proper under the circumstances.

## COUNT II – STRICT LIABILITY –FAILURE TO WARN VS. DEFENDANT GOODMAN

13.     Plaintiffs incorporate herein by reference the allegations contained in paragraphs 1 through 12 as if fully set forth herein.

14.     The Subject Furnace was expected to and did reach Plaintiffs without substantial change in the condition in which it was manufactured, designed, assembled, distributed and sold by Defendant Goodman in a defective condition wherein it contained a defective blower motor that when it failed the heating element would ignite the condensate pan and cause a fire.

15.     The Subject Furnace was in a defective condition and contained a defective blower motor that when it failed the heating element would ignite the condensate pan and cause a fire, which rendered it unreasonably dangerous when put to a reasonably anticipated use for which

the Subject Furnace was designed, manufactured, assembled, sold and otherwise distributed by Defendant Goodman in a defective condition as described herein.

16.     Defendant Goodman did not give an adequate warning of these dangers and defective conditions even though it had prior knowledge of the danger.

17.     The Subject Furnace was used in a manner reasonably anticipated.

18.     Plaintiffs sustained damages, as a direct and proximate result of the failure to warn of the defective and unreasonably dangerous condition that existed when the Subject Furnace was manufactured.

WHEREFORE, Plaintiffs pray for damages against Defendant Goodman in an amount in excess of $300,000 together with costs, interest, attorney's fees and for such other and further relief as the Court may deem just and proper under the circumstances.

## COUNT III – NEGLIGENCE VS. DEFENDANT GOODMAN

19.     Plaintiffs incorporate herein by reference the allegations contained in paragraphs 1 through 18 as if fully set forth herein.

20.     The Subject Furnace was manufactured, assembled, designed, sold and otherwise distributed by Defendant Goodman in the regular course of Defendant Goodman's businesses.

21.     Defendant Goodman owed Plaintiffs a duty to use ordinary care in the manufacturing, assembly, design, sale and distribution of the furnace.

22.     Defendant Goodman was negligent and failed to use ordinary care in the manufacture, assembly, design, sale, and distribution of the Subject Furnace and by negligently failing to warn Plaintiffs of said defective conditions and design in that the Subject Furnace

contained a defective blower motor that when it failed the heating element would ignite the condensate pan and cause a fire

23. As a direct and proximate result of the above-mentioned negligence, Plaintiffs were damaged in an amount in excess of $300,000.

WHEREFORE, Plaintiffs pray for damages against Defendant Goodman in an amount in excess of $300,000 together with costs, interest, attorney's fees and for such other and further relief as the Court may deem just and proper under the circumstances.

## COUNT V – BREACH OF IMPLIED WARRANTY OF MERCHANTABILITY AND FITNESS FOR PARTICULAR PURPOSE V. DEFENDANT GOODMAN

24. Plaintiffs incorporate herein by reference the allegations contained in paragraphs 1 through 23 as if fully set forth herein.

25. Defendant Goodman designed, manufactured, assembled, sold, distributed and introduced the Subject Furnace into the stream of commerce in the process of their usual and customary business.

26. When Defendant Goodman designed, manufactured, assembled, sold, distributed and introduced the Subject Furnace into the stream of commerce, it was not fit for its ordinary purpose because it contained a defective blower motor that when it failed the heating element would ignite the condensate pan and cause a fire.

27. Plaintiffs used the Subject Furnace for its ordinary purpose as a residential furnace and gave Defendant Goodman notice that it was not fit for its ordinary purpose.

28. As a result of the Subject Furnace not being fit for its ordinary purpose, Plaintiffs were damaged and Defendant Goodman breached its implied warranty of merchantability.

WHEREFORE, Plaintiffs pray for damages against Defendant Goodman in an amount in excess of $300,000 together with costs, interest, attorney's fees and for such other and further relief as the Court may deem just and proper under the circumstances.

Respectfully submitted,

_____
Matthew R. Leffler #62110
EVANS & DIXON, L.L.C.
211 N. Broadway, Suite 2500
St. Louis, Missouri 63102
(314) 552-4079
(314) 884-4479 (fax)
ATTORNEYS FOR PLAINTIFFS
mleffler@evans-dixon.com

4893736